UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| EXETER FINANCE CORP., | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:17-CV-1983-B |
| | § | |
| METRO AUTO SALES INC, d/b/a | § | |
| VALUE KIA | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss. Doc. 4. For the reasons that follow, the Court **GRANTS** Defendant's Motion.

### I.

### BACKGROUND[1]

Defendant Metro Auto Sales Inc. (Metro Auto) asks the Court to dismiss Plaintiff Exeter Finance Corp.'s (Exeter) claims pursuant to Federal Rule of Civil Procedure 12(b)(2) and find that the Court lacks personal jurisdiction over Metro Auto. Doc. 4, Def.'s Mot., 1. Exeter filed suit in Texas state court, alleging that Metro Sales breached the parties' Dealer Agreement by failing to indemnify Exeter in a Pennsylvania lawsuit filed by a Metro Sales customer. Doc. 1, Notice of Removal, Ex. C. Metro Sales removed the case to this Court, Doc. 1, Notice of Removal, and then filed this Motion to Dismiss, Doc. 4, Def.'s Mot. The Motion is ripe for review.

---

[1]The Court draws its factual history from the parties' pleadings. Any contested fact is identified as the contention of a particular party.

## II.

## LEGAL STANDARD

A plaintiff bears the burden of establishing a trial court's personal jurisdiction over each defendant. *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). A plaintiff need only establish a prima facie case of jurisdiction; proof by a preponderance of the evidence is not required. *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 211 (5th Cir. 1999); *Jones v. Petty-Ray Geophysical, Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir. 1992). In deciding whether the plaintiff has made a prima facie case, non-conclusory factual allegations in the Complaint must be taken as true. *Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 592 (5th Cir. 1999). The Court may also consider "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Spademan*, 772 F.2d at 1192. All conflicts between the facts contained in the parties' affidavits and other documentation must be resolved in the plaintiff's favor. *Cent. Freight Lines, Inc. v. APA Transp. Corp.*, 322 F.3d 376, 380 (5th Cir. 2003).

A federal court sitting in diversity may exercise personal jurisdiction over a nonresident defendant to the same extent as a forum state court. *Wilson v. Belin*, 20 F.3d 644, 646 (5th Cir. 1994). A Texas state court can exercise jurisdiction over a non-resident if two preconditions are met: (1) the nonresident must be amenable to service of process under Texas's long-arm statute; and (2) the assertion of jurisdiction over the nonresident must comport with the Due Process Clause of the Constitution. *Jones*, 954 F.2d at 1067. Because Texas's long-arm statute has been held to extend to the limits of due process, the Court need only determine whether jurisdiction over the defendant is constitutionally permissible. *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990).

To meet the federal constitutional test of due process, two elements must be satisfied: (1) the

defendant must have purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state such that it should reasonably anticipate being haled into court there; and (2) the exercise of jurisdiction over the defendant must not offend traditional notions of fair play and substantial justice. *Jones*, 954 F.2d at 1068.

The "minimum contacts" prong of the due process analysis can be met through contacts giving rise to either specific or general jurisdiction. *Gundle Lining Constr. Corp. v. Adams Cnty. Asphalt, Inc.*, 85 F.3d 201, 205 (5th Cir. 1996). "General personal jurisdiction is found when the nonresident defendant's contacts with the forum state, even if unrelated to the cause of action, are continuous, systematic, and substantial." *Marathon Oil Co. v. A.G. Ruhrgas*, 182 F.3d 291, 295 (5th Cir. 1999). In contrast, specific personal jurisdiction is established through the defendant's contacts with the forum state arising from, or related to, the cause of action. *Gundle*, 85 F.3d at 205.

## III.

## ANALYSIS

Exeter claims that the Court has general and specific jurisdiction over Metro Sales. Doc. 9, Pl.'s Resp., 5–6. Thus, the Court will address each type of jurisdiction separately.

A. *General Jurisdiction*

Exeter claims the thousands of credit applications Metro Sales sent to Exeter in Texas amount to "systematic and continuous" contacts sufficient to establish general jurisdiction. *Id*. Pursuant to the Dealer Agreement, Metro Sales sent credit applications from customers seeking to finance their car purchase to Exeter for consideration. *Id*. at 4. Exeter reviewed the applications and decided whether to provide financing to the customer. *Id*. If it agreed to provide financing, it would then service the customer's payments. *Id*. Exeter argues that the submission of at least 5000 credit

applications to Exeter in Texas, Exeter's review and servicing of some of the applications in Texas, and the parties' email and telephone correspondence about the applications created general jurisdiction. *Id*. at 5–6. Metro Sales responds that the Court does not have general jurisdiction because a foreign corporation must be "at home" in the forum state in order to establish general jurisdiction and no facts establish Metro Sales is "at home" in Texas. Def.'s Reply, 2–3.

"A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tire Operations, S.A., v. Brown*, 564 U.S. 915, 919 (2011). "The 'paradigm' forums in which a corporate defendant is 'at home,' . . . are the corporation's place of incorporation and its principal place of business." *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017). But "in an exceptional case, a corporate defendant's operations in another forum may be so substantial and of such a nature as to render the corporation at home in that State. *Id*.

Exeter and Metro Sales agree that Metro Sales is a New Jersey corporation with its principal place of business in Pennsylvania. Doc. 6, Def.'s Br. in Supp. of Mot., 2; Doc. 9, Pl.'s Resp., 2. Thus, in the usual sense, Metro Sales is not at home in Texas. Nor has Exeter alleged facts establishing that this is an exceptional case because Metro Sales has substantial operations in Texas. In fact, Exeter does not allege that Metro Sales has any operations in Texas. Exeter's argument is based solely on Metro Sales' contacts with Exeter relating to the large number of credit applications it sent to Exeter, which Exeter reviewed and processed in Texas. But the general jurisdiction inquiry is not concerned only with the "magnitude of a defendant's in-state contacts." *BNSF Ry. Co.*, 137 S. Ct. at 1558. And a plaintiff's unilateral activity is not relevant. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466

U.S. 408, 417 (1984). Thus, Exeter has failed to establish a prima facie case that this Court has general jurisdiction over Metro Sales.

B.      *Specific Jurisdiction*

Exeter claims the Court also has specific jurisdiction over Metro Sales because the lawsuit in Pennsylvania in which Exeter seeks indemnity involves credit applications Metro Sales sent to Exeter in Texas. Doc. 9, Pl.'s Resp., 6. Exeter approved the credit applications at issue in the Pennsylvania suit, and the applications were serviced in Texas. *Id*. Therefore, Exeter claims, Metro Sales' contacts with Texas give rise to the cause of action in this suit, thus establishing specific jurisdiction. *Id*. Metro Sales argues that specific jurisdiction does not exist because merely contracting with a party in the forum state is insufficient to establish the minium contacts required to find specific jurisdiction. Doc. 11, Pl.'s Reply, 3–4. Metro Sales also argues that the cause of action in this case stems from the indemnification clause in the Dealer Agreement, not from the credit applications.[2] *Id*. at 4–5.

The Fifth Circuit applies a three-step analysis to determine whether specific personal jurisdiction over a defendant exists:

> (1) whether the defendant purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

---

[2] Metro Sales initially argued that the Dealer Agreement did not establish specific jurisdiction because it was executed and performed solely in Pennsylvania. Doc. 6, Def.'s Br. in Supp. of Mot., 5–6. Exeter fails to argue whether the Dealer Agreement creates specific jurisdiction. Therefore, the Court declines to address the issue, although it seems clear the Dealer Agreement would not establish specific jurisdiction. *See Trois v. Apple Tree Auction Ctr., Inc.*, No. 16-51414, 2018 WL 706517, at *2 (5th Cir. Feb. 5, 2018) (agreeing there was no personal jurisdiction in Texas over a defendant when the contract at issue was executed and performed only in Ohio).

*Luv n' care v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (quoting *Nuovo Pignone v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002)).

The Court finds Exeter fails at step one because it has not established a prima facie case that Metro Sales directed its activities toward Texas or purposefully availed itself of conducting activities in Texas. "It is clearly established that merely contracting with a resident of the forum state does not establish minimum contacts." *McFadin v. Gerber*, 587 F.3d 753, 760 (5th Cir. 2009) (internal citations and quotations omitted). Similarly, "communications relating to the performance of a contract themselves are insufficient to establish minimum contacts." *Id*. As with its argument regarding general jurisdiction, Exeter's argument is based only on the facts that Metro Sales sent credit applications to Texas, the parties communicated about the applications, and Exeter processed and serviced the applications in Texas. Doc. 9, Pl.'s Resp., 4–6. Metro Sales alleged it never traveled to Texas, and Exeter does not dispute this allegation. *See* Doc. 6, Def.'s Br. in Supp. of Mot., 3. Thus, the only contact Metro Sales had with Texas was sending the credit applications to Exeter in Texas and communicating from Pennsylvania with Exeter in Texas. Therefore, Metro Sales did not have the requisite minimum contacts with Texas to establish specific jurisdiction.

## IV.

### CONCLUSION

Because the Court has neither general nor specific jurisdiction over Metro Sales, the Court **GRANTS** Defendant's Motion to Dismiss and **DISMISSES** all of Plaintiff's claims against Defendant.

SO ORDERED.

SIGNED: February 12, 2018.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE